RAFAEL RIVERA, Petitioner and Appellant, *v.* JOSÉ GONZÁLEZ LEBRÓN, WARDEN OF THE DISTRICT JAIL OF ARECIBO, Respondent and Appellee.

No. 10165.  Argued June 14, 1950.—Decided June 23, 1950.

*Esteban Susoni Lens* and *Santos P. Amadeo,* for appellant. *Vicente Géigel Polanco, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Appellant herein filed a petition for habeas corpus in the lower court alleging that he was illegally deprived of his liberty because the judgment rendered against him in a criminal case charging him with a violation of § 8 of Act No. 220, approved May 15, 1948—*Bolita* Act—was void. The alleged nullity consisted in having deprived him of a trial by jury, in spite of his request therefor, notwithstanding the fact that the violatons of said § 8 were felonies, and that he was thus entitled to such jury trial pursuant to § 178 of the Code of Criminal Procedure.[1]

---

[1] Said Section, insofar as pertinent, provides:

"Issues of fact in cases of felony and in cases of misdemeanor, when the information was originally filed in the District Court and the municipal courts also had jurisdiction of the same, shall be tried by jury if the accused or any one of them so elect."

He appealed to this Court and contends in his brief that the lower court committed error in denying his petition, inasmuch as the lower court's interpretation of § 8 of the aforesaid Act renders the same unconstitutional since it deprives appellant of his right to the equal protection of the laws.

The lower court dismissed the writ of habeas corpus pursuant to § 4 of that same Act 220, the last proviso of which prescribes "That all trials for violations of the provisions of this Act shall be heard in the district courts by the court without a jury, exclusively . . ."

Section 8 of the aforesaid Act provides as follows:

"Any person who lends himself to assist in any manner or who otherwise exerts influence to save any person from being persecuted, arrested or convicted for any violation of the provisions of this Act, or who has a direct or indirect interest in the games prohibited by this Act, or who fails or refuses to prosecute any violator of any of the provisions of this Act, shall be guilty of a felony and shall, upon conviction, be punished by imprisonment in the Penitentiary for a term which shall in no case be less than one (1) year nor more than ten (10) years. Such person shall be excluded from the benefits of Act No. 259 of April 3, 1946, and shall be disabled to discharge any public office; *Provided, further,* That the provisions of this section shall not be construed in the sense of depriving a defendant of his right to be represented by counsel, as such right is recognized under the laws."

Appellant's argument is, in essence, that the provisions of the afore-mentioned Section establish a special crime of bribery which is not different from the other crimes of bribery contained in the Penal Code, and quite especially from the one described in § 304 of said Code; and that, hence, he is entitled to a trial by jury pursuant to § 178 of the Code of Criminal Procedure, since if said § 8 were construed to mean that the persons prosecuted thereunder are not entitled to a jury trial—nor to the benefits of the

suspended sentence—such persons, as in the case of appellant herein, would be deprived of the equal protection of the laws.

It is unnecessary to consider the constitutional question raised by appellant, for we are convinced that the basis of his contention is erroneous. The crime contemplated by § 8, which is a felony, may be committed in three different ways: (1) that contained in the provision to the effect that "Any person who lends himself *to assist in any manner* or who otherwise *exerts influence to save* any person from being persecuted, arrested or convicted for any violation of the provisions of this Act" (italics ours); (2) that contained in the clause immediately following, referring to any person "who has a direct or indirect interest in the games prohibited by this Act", and (3) that which is immediately next established for any person "who fails or refuses to prosecute any violator of any of the provisions of this Act." The punishment for such a felony, in either of these modalities, shall be imprisonment in the penitentiary for a term which shall in no case be less than one year nor more than ten years, the person thus convicted being therefore excluded from the benefits of Act No. 259 of April 3, 1946—Act Establishing the Suspended Sentence—and disabled to discharge any public office.

We are unable to agree with appellant that the felony established by the aforesaid Section of Act 220 "is not fundamentally different" from the crimes of bribery contemplated in the Penal Code.[2] As part of the public policy directed to uproot the social evil created by the growing increase of the game generally known as *"Bolita"*, *"Bolipool"*, clandestine combinations connected with the pools or *bancas* of the racetracks of Puerto Rico and clandestine lotteries, and in the exercise of its police power, the State, after declaring public

---

[2] See §§ 82, 99, 104, 105, 106, 107, 108, 111, 131, 168, 176, 177, 185, 304, 384 and 536 of the Penal Code.

nuisances the preceding games and setting forth various provisions in pursuance of the successful aim which inspired said legislation, defined several crimes and prescribed the punishment corresponding to each one, and furthermore provided in § 4 that all trials for violations of the provisions thereof would be heard *by the court without a jury exclusively.*

It can be easily ascertained from the context of § 8 of Act 220 that in order to consider that the crime it contemplates has been committed, in whichever modality, it is not necessary, as it is under the first modality of § 304 of the Penal Code [3] —particularly invoked by appellant as being similar in its dispositions to the aforesaid § 8—that the official conservator of the peace or any other person, shall ask for, receive or collect any money or other valuable consideration either for his own or public use for and with the understanding that *in return* he will aid to exempt or otherwise assist any person from arrest or conviction for a violation of § 299 of the Penal Code. Bribery, as contemplated in § 8, does not require that any money or other valuable consideration be asked for, received or collected, for once the circumstances determined by any of its three modalities concur, the crime must be presumed as having been committed.

The essential element of bribery, that is, the giving or offering of, or the receiving of or asking for, any gift or

[3] Said Section provides:

"Every official or conservator of the peace, or any other person who *shall ask for, receive or collect any money or other valuable consideration* either for his own or public use for and *with the understanding that he will aid, exempt or otherwise assist any person from arrest or conviction* for a violation of Section 299 of this Code, or who shall issue, deliver or cause to be given or delivered to any person or persons any license, permit or other privilege giving or pretending to give any authority or right to any person to carry on, conduct, open, or cause to be opened, any game or games which are forbidden or prohibited by Section 299 of this Code, and any such officer or officers who shall vote for the passage of any ordinance or by-law giving, granting or pretending to give or grant any person or persons authority or privilege to open, carry on or conduct any game or games herein prohibited, is guilty of a felony." (Italics ours.)

payment of money, compensation, reward or recompense, with the corrupt intent of influencing the official behavior of the person receiving or requesting it, is present, somehow or other, in each of the crimes defined in the Sections of the Penal Code to which we referred in footnote 2. 3 Wharton's Criminal Law, § 2234, p. 2522; *People* v. *Coffey*, 161 Cal. 433, 119 P. 901; 4 Cal. Jur., § 1, p. 483; 3 Cal. Jur. Ten Year Supp., § 3, p. 149; 8 Am. Jur. "Bribery", § 2, p. 886. The crime contemplated in § 8 lacks these characteristics. It is not a crime of bribery in its true sense. And after the Legislature, in the exercise of its authority therefor, created it and fixed the penalty and which courts shall hear such actions, it also validly provided, because it deemed it advisable for the public policy and aims of the statute, that the trials be heard by the court and not be a jury. *People* v. *Campos*, 69 P.R.R. 837; *People* v. *Buscaglia*, 54 P.R.R. 894; *cf. People* v. *Méndez*, 65 P.R.R. 660.

In view of the conclusion we have reached, it is unnecessary to consider the constitutional issue raised.

The judgment will be affirmed.

Mr. Justice Snyder did not participate herein.